BLANK ROME, LLP
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEIULEMAR COMPAGNIA DI
NAVIGAZIONE SPA,
        Plaintiff,

-against-

TMT BULK CO. LIMITED

        Defendant.

---

**JUDGE HOLWELL**

07 CV 2528

07 Civ.

**VERIFIED COMPLAINT**

Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE S.P.A. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, TMT BULK CO. LIMITED ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices at CP 274, Via Tironi 3, 80059 Torre del Greco, Naples, Italy.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices in Taipei, Republic of China, and no place of business in the United States.

4. By a charter party dated on or about August 16, 2006, ("the Charter"), Plaintiff time-chartered the M/V GEORGE T ("the Vessel") to Defendant for a period of minimum four to about six months, exact period in charterer's option.

5. The Vessel performed as required by the terms of the Charter, but Defendant has failed to pay a balance of charter hire due Plaintiff in the sum of **US$492,460.44**, for which Defendant is liable to Plaintiff.

6. The Charter provided for arbitration of disputes in London. Plaintiff reserves it right to arbitrate the disputes, pursuant to 9 U.S.C. § 8, and has commenced arbitration.

7. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $103,417 at a rate of 7% per year for at least 3 years; recoverable arbitral costs will be incurred in pursuing its indemnity claim against Defendant in the sum of at least US$75,000; and recoverable legal expenses will be incurred in pursuing the indemnity claim of at least US$100,000, amounting in all to recoverable interest and expenses of at least US$278,417.

8. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$770,877.44**.

9. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$770,877.44** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
      March 27, 2007

                                      Respectfully submitted,
                                      BLANK ROME, LLP
                                      Attorneys for Plaintiff
                                      DEIULEMAR COMPAGNIA DI
                                      NAVIGAZIONE SPA

                                      By _____
                                          Jack A. Greenbaum (JG 0039)
                                      405 Lexington Ave.
                                      New York, NY 10174-0208
                                      (212) 885-5000

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
27th day of March 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__07

311510.1
900200.00001/6530665v.1

BLANK ROME, LLP
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,<br><br>                Plaintiff,<br><br>-against-<br><br>TMT BULK CO. LIMITED<br><br>                Defendant. | 07 Civ.<br><br>**AFFIDAVIT UNDER SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK )

    JACK A. GREENBAUM, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    2.    Defendant is a party to a maritime contract of charter party and is a foreign corporation with offices in China and no offices or place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

*[signature]*
JACK A. GREENBAUM

Sworn to before me this
27th day March, 2007

*[signature]*
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___07

311808.1
900200.00001/6530857v.1

2